﻿Citation Nr: AXXXXXXXX
Decision Date: 03/19/19 Archive Date: 03/19/19

DOCKET NO. 181103-977
DATE: March 19, 2019

ORDER

Entitlement to an effective date prior to March 10, 2015 for the establishment of permanent incapacity for self-support for the Veteran's child, C.F. is denied.

FINDINGS OF FACT

1. The Veteran filed a claim to establish permanent incapacity for self-support for his child, C.F., in August 2010. By a March 2011 rating decision, that claim was denied. The Veteran did not submit a notice of disagreement or new and material evidence within one year of notice of the denial, therefore that denial became final. 

2. C.F. turned 18 years of age on January [redacted], 2013. At that time, a prior award of dependency benefits based on C.F.’s status as a minor was discontinued.

 2. The Veteran did not file a new claim to establish permanent incapacity for self-support for C.F. until March 10, 2015. 

CONCLUSION OF LAW

The criteria for an effective date for the establishment of permanent incapacity for self-support for C.F., prior to March 10, 2015, have not been met. See 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.1, 3.102, 3.115, 3.400, 3.403 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Navy from December 1982 to December 2008. The Veteran submitted a statement in March 2015, requesting an audit of his VA compensation award be adjusted, noting that, in pertinent part, his adult child, C.F., was dependent on him by reason of permanent incapacity. The AOJ interpreted this statement as a claim to establish a status of permanent incapacity for C.F. The AOJ denied the claim by a May 2015 rating decision. The Veteran submitted a timely notice of disagreement (NOD) in response to the decision, and the Veteran filed a substantive appeal to the Board in January 2018, following the AOJ’s issuance of a statement of the case (SOC). 

 In August 2018, the Veteran received an invitation to participate in the RAMP appeals process and he elected to do so, selecting the Higher Level Review lane. Accordingly, an October 2018 RAMP rating decision considered the evidence of record at the time of the submission of the RAMP election form and granted the Veteran’s claim, establishing permanent incapacity for self-support for C.F. effective March 10, 2015. The Veteran timely appealed the effective date of the award to the Board in October 2018, requesting direct review of the evidence considered by the AOJ. 

Entitlement to an effective date prior to March 10, 2015 for the establishment of permanent incapacity for self-support for the Veteran's child, C.F.

The Veteran contends that he should be entitled to dependent benefits for C.F. from the date of her 18th birthday in January 2013 through March 10, 2015. As of the date of C.F.’s eighteenth birthday in January 2013, she was no longer considered a dependent child for benefits purposes under 38 C.F.R. § 3.57. As was noted above, the AOJ established permanent incapacity for self-support for C.F. effective March 10, 2015, the date that the Veteran requested an audit of his benefits. 

By way of background in this case, the Veteran first filed a claim of entitlement to service connection for unrelated disabilities in October 2008. At that time, he was asked to list his dependents and did so, indicating that C.F. was seriously disabled before age 18. The AOJ made a decision on that claim in February 2009. In the notification letter accompanying that decision, the AOJ informed the Veteran that it required more information about C.F.’s status to determine if she could be considered a helpless child. The Veteran did not respond to this request until August 2010. At that time, he submitted a statement explaining that C.F. had been diagnosed with “mental retardation”; he also included the top page of C.F.’s individualized education program (IEP) report, which similarly listed C.F.’s primary disability as “mental retardation.” 

In response to the Veteran’s August 2010 statement, the AOJ sent the Veteran a notice in accordance with the Veteran Claims Assistance Act (VCAA), informing the Veteran of the additional evidence needed to demonstrate that C.F. was a helpless child. In January 2011, the Veteran submitted a letter from C.F.’s education specialist as well as the full report of C.F.’s most recent IEP, documenting that C.F. had severe mental and social restrictions. 

In March 2011, the AOJ issued a rating decision in which it determined that C.F. was not permanently incapable of self-support at the age of 18, because she had not yet reached age 18. The decision also stated that the evidence of record was not sufficient to show that C.F. was permanently incapable of self-support. At that time, however, C.F. was added to the Veteran’s award as a minor child, effective February 2009. In April 2011, the Veteran received a notification letter showing his new award amounts. The explanation of award amounts stated that on January [], 2013, the award would be reduced as a result of C.F.’s eighteenth birthday. 

In December 2011, the Veteran submitted education information for another child, B.F., to extend B.F.’s status as a dependent on the Veteran’s award. In January 2012, the Veteran received a notification letter indicating that B.F. had been returned to dependent status on the award. That notification letter once again outlined how the Veteran should expect award amounts to change over time, documenting that on January [], 2013, the award would be reduced as a result of C.F.’s eighteenth birthday.

After the January 2012 notification letter, the next document in the record shows that the Veteran called VA in August 2014 to report that B.F. was still in school and should remain as a dependent on his award. In the intervening time, C.F. had been removed as a dependent on the Veteran’s award, however the Veteran did not address C.F.’s dependency at the time of the August 2014 phone call. Indeed, the Veteran did not address C.F.’s dependency again until March 2015, when he requested an audit of his award. At that time, the AOJ interpreted the Veteran’s request as a claim to establish C.F.’s permanent incapacity. 

As was noted above, the Veteran’s March 2015 claim to establish permanent incapacity for C.F. was initially denied by the AOJ. The Veteran appealed the claim and it was eventually granted in the Higher Level Review process in October 2018, effective the date of the March 2015 claim. The Veteran now seeks establishment of permanent incapacity for C.F. dating back to January 2013.

Generally, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase shall be fixed in accordance with the facts found, but shall not be earlier than the date of the receipt of an application. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

However, an award of compensation to or for a child, or to or for a veteran or surviving spouse on behalf of such child, on the basis of the child being permanently incapable of self-support (38 C.F.R. § 3.57 (a)(3)) will be effective as follows: in original claims, the date is fixed by 38 C.F.R. §§ 3.400(b) or (c) or 38 C.F.R. § 3.401(b); and in claims for continuation of payments the award is effective as of the child’s 18th birthday if the condition is claimed prior to or within 1 year after that date, otherwise the award is effective from the date of receipt of the claim. 38 C.F.R. § 3.403(a)(1). 

The Veteran’s March 2015 claim is indeed a claim for continuation of payments, as Veteran had applied for and was receiving dependency benefits for C.F. based on her age prior to her 18th birthday. 

While the Veteran effectively filed a claim for establishment of permanent incapacity for C.F. in August 2010 [prior to her 18th birthday], a finding of permanent incapacity was denied on the merits in March 2011. The Veteran did not submit a notice of disagreement or new and material evidence related to that claim within one year; therefore, it became final. 

Subsequent to the March 2011 rating decision, the Veteran was notified on multiple occasions that C.F. would be removed from his award on January [], 2013, the date of C.F.’s 18th birthday. After C.F. was removed as a dependent, the Veteran took action to re-establish B.F. as a dependent but did not take any action regarding C.F. at that time. After the final March 2011 rating decision, and prior to March 10, 2015, the Veteran made no attempts to re-file a claim to establish permanent incapacity for C.F., to include during the one-year period following C.F.’s 18th birthday. 

Because a prior claim based on permanent incapacity was filed with VA but denied in a final rating decision, and no additional claim was received until more than one year after C.F.’s January 2013 birthday, the effective date for the award must be established on the date of receipt of claim in March 2015. 38 C.F.R. § 3.403(a)(1). 

Accordingly, as a matter of law, the earliest possible effective date for the establishment of permanent incapacity for C.F. is March 10, 2015, the date of the claim. Although the Board recognizes that C.F. was incapacitated prior to March 10, 2015, in the absence of a pending claim prior to that date, there is no basis to award earlier benefits. Regardless of the equities of the Veteran’s situation, VA can only allow benefits that are explicitly authorized. See Smith (Edward F.) v. Derwinski, 2 Vet. App. 429, 432-33 (1992) (no equities, no matter how compelling, can create a right to payment out of the United States Treasury which has not been provided for by Congress) (citing Office of Personnel Management v. Richmond, 496 U.S. 414, 426 (1990)). Here, the Board is limited by the provisions of 38 U.S.C. § 5110 and 38 C.F.R. § 3.403. Because there is no basis in law for the benefit the Veteran seeks, the appeal must be denied. 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Giaquinto, Associate Counsel